I concur in the majority's disposition of appellant's three assignments of error.
As to appellant's first assignment of error, I do not believe this Court should use a plain error analysis despite appellant's invitation to do so. Appellant attempted to introduce Father Zuzik's testimony. When the trial court excluded this testimony, appellant timely proffered Father Zuzik's testimony. Such proffer preserved the alleged error for appellate review. Accordingly, I conclude appellant need not demonstrate plain error to succeed on this claim.
The trial court did not err in excluding this hearsay testimony. Not only was it premature to qualify under Evid.R. 801(D)(1)(b), as pointed out by the majority, and conceded by appellant, but it also failed to qualify as a prior consistent statement because it was made after appellant's prior inconsistent statement to his wife.[1] Even more fundamental, the rule, by its very definition, is inapplicable to Father Zuzik's testimony. Evid.R. 801(D)(1) excludes as hearsay "prior [consistent] statement by witness." The proffered witness, Father Zuzik, is not asserted to have made a prior consistent statement. Therefore, any further analysis under Evid.R. 801(D)(1) is unnecessary.
I agree with the majority, appellant's counsel was not ineffective in failing to present appellant's testimony before calling Father Zuzik to the stand for the same reasons noted supra.
However, as to the second portion of appellant's claim of ineffective assistance of counsel, I believe appellant's trial counsel should have objected to testimony concerning appellant's allowing the baby to play with a cigarette lighter, and teaching the baby to call the lighter a bomb. This testimony was elicited from the wife in the State's case in chief on direct examination. At that point in time, the testimony can not be said to have been offered as rebuttal to appellant's claim, subsequently developed on cross-examination, his wife's testimony was incredible because of the pending divorce. At the time it was offered, the evidence was irrelevant to the charges. Nevertheless, I find the outcome of the trial court was unlikely to have been different had appellant's trial counsel successfully objected to this testimony.
Finally, I agree with the majority's decision the trial court did not commit plain error in admitting evidence concerning appellant's behavior around the baby. However, unlike the majority, I do not believe it was admissible because it was relevant to explain appellant's wife's reaction to appellant's behavior or as a premature rebuttal to appellant's attack on his wife's credibility. Rather, I concur because given the totality of the evidence, the admission of this evidence did not result in a manifest miscarriage of justice.
 _________________________ WILLIAM B. HOFFMAN, JUDGE
[1] I am not convinced of the validity of the majority's further conclusion appellant's statement to Father Zuzik fails to qualify as a prior consistent statement because it was made after the existence of a motive to falsify; i.e., his legal disability from possession or use of a gun. Such construction of the rule would render any prior consistent statement of a defendant inadmissible because the commission of the underlying offense always provides a motive to falsify.